

FILED
John E. Triplett, Acting Clerk
United States District Court

*By casbell at 8:33 am, Aug 04, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| DELROY T. BOOTH, | |
|     Plaintiff, | CIVIL ACTION NO.: 6:19-cv-69 |
|     v. | |
| TREVONZA BOBBITT, in his individual and official capacities, | |
|     Defendant. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's official capacity claim for monetary damages against Defendant. However, I **FIND** that Plaintiff's retaliatory transfer claim against Defendant in his individual capacity may proceed. The Court will direct service of the surviving claim by separate Order.

## PLAINTIFF'S CLAIMS[1]

Plaintiff has sued Defendant before in another lawsuit in the Middle District of Georgia for retaliation he allegedly experienced at Baldwin State Prison. Compl., Booth v. Bobbitt, 5:18-

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

cv-367 (M.D. Ga. Oct. 4, 2018), ECF No. 13.[2] Plainitff alleges Defendant ordered his transfer to Georgia State Prison ("GSP") because of that ongoing lawsuit, and that Defendant, who used to work at Baldwin State Prison, is now a warden at GSP. Doc. 1 at 6. Plaintiff alleges unsanitary conditions at GSP and claims his family can no longer visit him because GSP is four and a half hours away from them and would have to drive nine hours total for a 30-minute visitation. Id. at 8. Plaintiff alleges a retaliatory transfer claim against Defendant in his individual and official capacities and seeks as relief $413,000 in punitive damages. Id. at 10.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a

---

[2]  Plaintiff has also filed other suits against correctional officers. See Compl., Booth v. Williams, 5:19-cv-255 (M.D. Ga. Jun. 26, 2019), ECF No. 1; Compl., Booth v. Allen, 4:18-cv-69 (N.D. Ga. Mar. 19, 2018), ECF No. 2.

2

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff sues Defendant in both his individual and official capacities.  Doc. 1 at 1.  However, Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendant in his official capacity.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983.  Id. at 71.  Here, the State of Georgia would be the real party in interest in a suit against Defendant in his official capacity as an employee and officer of the Georgia Department of Corrections.  Accordingly, the Eleventh Amendment immunizes Defendant from suit for monetary damages in his official capacity.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendant in his official capacities.  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Therefore, the Court should **DISMISS** Plaintiff's claims for monetary relief against Defendant in his official capacity.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's official capacity claim for monetary damages against Defendant. His retaliatory transfer claim will be served by separate Order.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

5

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA