IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DELROY T. BOOTH

    Plaintiff,

v.

TREVONZA BOBBITT,

    Defendant.

CIVIL ACTION NO.: 6:19-cv-69

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Warden Trevonza Bobbitt's Motion for Summary Judgment, construed as a Motion to Dismiss.[1]  Doc. 31.  Plaintiff has not filed a Response, and the time to do so has expired.  For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant Bobbitt's construed Motion to Dismiss and **DISMISS** Plaintiff's claims for failure to exhaust available administrative remedies.  Alternatively, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for failure to follow Court Order.  Because I have recommended dismissal, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to

---

[1]  Defendant's Motion is docketed as a Motion for Summary Judgment; however, Defendant argues dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies.  See Doc. 41.  In the Eleventh Circuit, exhaustion of administrative remedies is a matter in abatement that generally does not address the merits of the case.  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008); see also Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (The first step of Turner "is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c)").  Thus, the exhaustion defense "is not ordinarily the proper subject for a summary judgment" but instead "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." Id. at 1374–75.  Because the defendant must raise exhaustion in a motion to dismiss, the Eleventh Circuit treats failure to exhaust as an unenumerated defense pursuant to Federal Rule of Civil Procedure 12(b).  Id. at 1375 (holding "exhaustion should be decided on a Rule 12(b) motion to dismiss" even though "motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b)").  For this reason, I construe this portion of Defendant's Motion for Summary Judgment as a Rule 12(b) motion to dismiss for failure to exhaust administrative remedies.

**CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff, an inmate proceeding pro se, filed this suit against Defendant Bobbitt, alleging Defendant Bobbitt transferred Plaintiff from Baldwin State Prison to Georgia State Prison ("GSP") in retaliation for Plaintiff filing other lawsuits. Doc. 1. Defendant Bobbitt was previously the warden at Baldwin State Prison and is now currently the warden at GSP. Doc. 31-1 at 1. Plaintiff was transferred from Baldwin State Prison to GSP on April 25, 2019. Doc. 31 at 1. Plaintiff alleges Defendant ordered him transferred because Plaintiff sued Defendant in another lawsuit in the Middle District of Georgia.[2] Doc. 1 at 6.

After conducting frivolity review, the Court dismissed Plaintiff's claims against Defendant for monetary damages in his official capacity. Doc. 17. However, Plaintiff was permitted to proceed on his retaliatory transfer claim against Defendant Bobbitt. Id. Plaintiff's First Amendment claim for retaliatory transfer is the only claim pending before the Court.

There is a grievance process at Baldwin State Prison and GSP that is applicable to and utilized for all inmates. Doc. 31 at 2; Doc.31-3 at 1–2; Doc. 31-3 at 7–24. The Georgia Department of Corrections' ("GDC") general grievance policies are set out in Standard Operating Procedure ("SOP") Policy Number 227.02 ("Statewide Grievance Procedure"). Doc. 31 at 2; Doc. 31-3 at 1–2. Under the Statewide Grievance Procedure, prisoners must file a grievance no later than 10 days from the date he knew, or should have known, of the facts giving rise to grievance. Doc. 31 at 2; Doc. 31-3 at 2. The Statewide Grievance Procedure also provides a grievance filed later than 10 days may be considered upon good cause. Doc. 31-3 at

---

[2]   Plaintiff is currently incarcerated at Johnson State Prison. Doc. 25 at 4.

2. Prisoners submit grievances on paper using grievance forms or electronically using a kiosk or tablet device.  Doc. 31 at 2; Doc. 31-3 at 2.

## DISCUSSION

### I.     Plaintiff's Failure to Exhaust

Defendant Bobbitt argues Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies prior to suing Defendant, as required by the Prison Litigation Reform Act ("PLRA").  Doc. 31 at 5–7.

### A.     PLRA's Exhaustion Requirements

Under the PLRA, an incarcerated individual must properly exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions.  42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000).  The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)).

Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances.  Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding the PLRA requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  Moreover, courts may not

consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (noting an inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement). Rather, courts may only determine whether administrative remedies are available and whether the inmate properly exhausted these remedies prior to bringing his federal claim. Id.

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules. Woodford, 548 U.S. at 91–92; Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))). "[A]n inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000); Gooch v. Tremble, No. 1:18-cv-058, 2018 WL 2248750, at *3 (S.D. Ga. Apr. 20, 2018) ("[B]ecause exhaustion of administrative remedies is a 'precondition' to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure before initiating this suit." (quoting Higginbottom, 223 F.3d at 1261)). An incarcerated individual cannot "cure" an exhaustion defect by properly exhausting all remedies after filing suit. Terry, 491 F. App'x at 83; Harris, 216 F.3d at 974.

Moreover, to properly exhaust, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant, 530 F.3d at 1378; see also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2003) (affirming sua sponte dismissal for failure to exhaust when a

4

federal inmate submitted a written complaint and appealed the decision but filed his lawsuit before receiving the final decision on his appeal); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

> **B.     Standard of Review for Exhaustion**

A defendant may raise an inmate-plaintiff's failure to exhaust as an affirmative defense. Jones, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA . . . ."); Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209.  When so raised, "[d]efendants bear the burden of proving that the plaintiff failed to exhaust his administrative remedies."  Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari v. Robert A. Deyton Det. Ctr., 729 F. App'x 748, 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche, 783 F.3d at 121; Turner, 541 F.3d at 1082.

While exhaustion is a mandatory requirement for bringing suit, one exception exists. Ross, 136 S. Ct. at 1858 ("The PLRA contains its own, textual exception to mandatory exhaustion.").  "Under the PLRA, a prisoner need exhaust only 'available' administrative remedies."  Id. at 1856; Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017).  Drawing from the plain language of the word "available," the United States Supreme Court has concluded "an inmate is required to exhaust . . . only those[] grievance procedures that are 'capable of use' to 'obtain some relief for the action complained of.'"  Ross, 136 S. Ct. at 1858–59; Turner, 541 F.3d at 1084 (quoting Goebert v. Lee County, 510 F.3d 1312, 1322–23 (11th Cir. 2007) ("A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of its purpose.'")).  "Remedies that rational inmates

5

cannot be expected to use are not capable of accomplishing their purposes and so are not available." Turner, 541 F.3d at 1084.

Courts recognize "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 136 S. Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id.; Turner, 541 F.3d at 1083 (noting the PLRA "does not require inmates to craft new procedures when prison officials demonstrate . . . they will refuse to abide by the established ones"). Secondly, exhaustion is not required when an administrative procedure is "so opaque" or "unknowable" "no ordinary prisoner can discern or navigate it." Ross, 136 S. Ct. at 1859–60. Finally, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation[,]" such thwarted inmates are not required to exhaust. Id. at 1860; Abram v. Leu, 759 F. App'x 856, 860 (11th Cir. 2019) ("An administrative remedy may be unavailable when prison officials interfere with a prisoner's pursuit of relief."); Dimanche, 783 F.3d at 1214 ("The PLRA does not 'require[] an inmate to grieve a breakdown in the grievance process.'" (quoting Turner, 541 F.3d at 1083)); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (finding exhaustion does not require plaintiff-inmates "to file an appeal after being told unequivocally that appeal of an institution-level denial was precluded").

In Turner v. Burnside, the Eleventh Circuit laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies under § 1997e(a). 541 F.3d at 1082. First, courts "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id.;

6

see also Bracero, 2018 WL 3861351, at *1.  This prong of the Turner test ensures there is a genuine dispute of material fact regarding the inmate-plaintiff's failure to exhaust.  Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao, 679 F. App'x at 824.  "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust."  Abram, 759 F. App'x at 860 (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion.").  After resolving the factual disputes, the court then decides whether, "based on those findings, defendants have shown a failure to exhaust."  Bracero, 2018 WL 3861351, at *1 (quoting Whatley I, 802 F.3d at 1209).  Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings."  Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing Bryant, 530 F.3d at 1376 ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record.")).

### C.     Applying <u>Turner</u>

Defendant Bobbitt argues Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies prior to suing Defendant, as required by the PLRA. Doc. 31 at 5–7. Plaintiff admitted he failed to exhaust his administrative remedies in this case but claims the grievance process was unavailable. Doc. 8 at 2–3. However, Plaintiff has not responded to Defendant's construed Motion to Dismiss and has not provided the Court with any specific allegations concerning the unavailability of administrative remedies. Moreover, Plaintiff was able to file a number of grievances while in GDC custody, including after his transfer to GSP. Doc. 31 at 4; Doc. 31-3 at 4, 26. Plaintiff states he was required to use his only paper grievance on a medical dispute, in which he alleges GSP staff were forcing him to take mental health medication. Doc. 8 at 2; Doc. 31-3 at 28. However, this grievance was filed on June 13, 2019. Doc. 31-3 at 4; Doc. 31-3 at 28. Plaintiff was transferred on April 25, 2019, and does not explain why he failed to file a grievance within 10 days of his transfer and before he used the only purported grievance form he had on this other dispute, more than a month after his transfer. Importantly, Plaintiff has not shown he took any steps to file an untimely grievance or demonstrate good cause for its untimeliness. Instead, it appears Plaintiff simply filed this suit without pursuing any administrative remedies. Based on this record, it is clear Plaintiff's claims are due to be dismissed for Plaintiff's failure to exhaust available administrative remedies under both step one and step two of <u>Turner</u>. Accordingly, the Court should **GRANT** this portion of Defendant's Motion and **DISMISS** Plaintiff's Complaint based on his failure to exhaust his administrative remedies.

## II.   Dismissal for Failure to Follow This Court's Order

Plaintiff's claims are also due to be dismissed for failure to follow this Court's Order and respond to Defendant's construed Motion to Dismiss.[3] A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[4] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[3]   Because Plaintiff's claims are due to be dismissed for failure to exhaust his administrative remedies and failure to follow a Court Order, the undersigned declines to address Defendant's additional summary judgment arguments.

[4]   In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff his failure to comply with the Court's Order or to respond to the Motion could result in judgment against him. Doc. 32.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Plaintiff failed to follow this Court's Order or to otherwise respond to Defendant's construed Motion to Dismiss, despite the Court and Defendant serving Plaintiff, and being forewarned of the consequences of his failure to do so. Doc. 32 (Notice dated Apr. 5, 2021, informing Plaintiff if he does not respond to this motion, "the Court will deem he motion unopposed, and the Court may enter judgment against you"). Thus, the Court should alternatively **DISMISS** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendant Bobbitt's construed Motion to Dismiss and **DISMISS** Plaintiff's claims for failure to exhaust available administrative remedies. Alternatively, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for failure to follow Court Order. Because I have recommended dismissal, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of November, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA